Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

Proposed Attorneys for Committee of Creditors Holding
Unsecured Claims

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>CURRIE TECHNOLOGIES, INC., a Nevada corporation,<br><br>Debtor. | Case No.: 1:07-BK-12609-GM<br><br>Chapter 11<br><br>**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL INSOLVENCY COUNSEL**<br><br>**[No Hearing Required]** |

The Official Committee of Unsecured Creditors of Currie Technologies, Inc. (the "Committee") hereby applies ("Application") for an Order, pursuant to sections 328 and 1103 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the *Guide to Applications for Employment of Professionals and Treatment of Retainers* (2002 rev.) (the "Employment Guide") promulgated by the Office of the United States Trustee for the Central District of California (the "U.S. Trustee"), to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as general insolvency counsel for the Committee. In support of its Application, the Committee, upon information and belief, states as follows:

DOCS_LA:172308.1

# BACKGROUND

1. On July 26, 2007 (the "Petition Date"), Currie Technologies, Inc. (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to do business and manage its properties as a debtor in possession.

2. According to information provided by the Debtor and contained in pleadings filed by the Debtor with this Court, the Debtor is a worldwide seller of electric bikes and scooters under both licensed brand names – such as Schwinn®, GT® and Mongoose ® -- and house brands iZIP™ and e-ZIP™. The Debtor's products are sold at Wal-Mart, other mass market and regional "big box" retailers, and specialty stores. The Debtor operates from a leased facility in Chatsworth, California and employs approximately 50 employees. The Debtor purchases all of its products from its majority owner, a Taiwanese-owned manufacturer that operates a factory outside Shanghai, China.

3. On September 11, 2007, the, pursuant to sections 1102(a) and 1102(b)(1) of the Bankruptcy Code, the U.S. Trustee formally appointed the Committee to represent all unsecured creditors of the Debtor. The Committee consists of CSW Energy Services, Inc., TISCO Logistics, Inc., and China Buying Group Co., Ltd.

4. The Committee voted, subject to Court approval, to retain PSZJ as its counsel. However, due to extraordinary delays in obtaining the necessary internal approvals and signatures of Committee members located and traveling in the People's Republic of China,[1] the Firm was not able to finalize its engagement letter and file this Application until now.[2] Although this Application is being filed more than sixty days after the date the Firm commenced work on behalf of the Committee upon its appointment, the Firm is <u>not</u> seeking extraordinary retroactive employment pursuant to item I. A. 8. of the Employment Guide.[3] Instead, the Firm is seeking employment

---

[1] The date of the Firm's engagement letter attached hereto indicates the date the letter was printed, not its date of preparation.

[2] Mr. Lee, who is traveling in China, has authorized counsel to execute this Application on his behalf.

[3] Item I. A. 8. of the Employment Guide states: "If the application is made more than sixty days after the date post-petition services commenced, the Notice of Application required by Bankruptcy Local Rule 2014-1 ... must include a statement that retroactive employment is being requested and the date that services commenced. Normally only extraordinary facts will justify retroactive employment."

DOCS_LA:172308.1                                              2

pursuant to item I. A. 7. of the Employment Guide,[4] and will waive <u>all</u> post-petition fees and costs incurred by the Firm in the representation of the Committee in the thirty (30) days subsequent to its appointment, in the amounts of $6,077 in fees and $85 in costs.

### RETENTION OF PSZJ

5.  The Committee has decided to retain the Firm to serve as counsel to the Committee. The terms of the Firm's employment are set forth in the engagement letter attached as **Exhibit "A"** to the Declaration of Malhar S. Pagay (the "Pagay Declaration") filed in support of the Application. The Firm has around 60 attorneys with a practice concentrated on reorganization, corporate restructuring and insolvency, bankruptcy, litigation and commercial issues. The Firm's attorneys have extensive experience representing creditors committees, debtors, creditors, trustees and other parties in a wide variety of bankruptcy cases. Based on these facts, the Committee believes that the Firm is well-qualified to render the services described below. More information regarding the Firm is available at its website, www.pszjlaw.com.

### JURISDICTION AND VENUE

6.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and this is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

### SERVICES TO BE PROVIDED

7.  Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

   a.  assisting, advising and representing the Committee in its consultations with the Debtor regarding the administration of this case;

   b.  assisting, advising and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and reviewing

---

[4] Item I. A. 7. of the Employment Guide states: "If the application is made more than thirty days after the date post-petition services commenced, it must include a declaration under penalty of perjury explaining the delay and stating the amount of fees and expenses that have accrued during the period between the date post-petition services were commenced and the date of the application." .

any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

    c. assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

    d. assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this case or to the formulation of a plan;

    e. assisting, advising and representing the Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

    f. advising the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

    g. assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

    h. assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

    i. providing such other services to the Committee as may be necessary in the case.

## NO ADVERSE INTEREST
## AND DISCLOSURE OF CONNECTIONS

  8. The Pagay Declaration, filed contemporaneously with this Application, verifies that neither PSZJ nor any of its attorneys have any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Pagay Declaration.

  9. Except as provided in the Pagay Declaration, to the best of the Committee's knowledge, neither PSZJ, nor any of its attorneys, hold or represent any interest adverse to the Committee or the estate in the matters on which they are to be retained.

10. To the best of the Committee's knowledge, and except as disclosed in the Pagay Declaration and below, PSZJ has had no other prior connection with the Debtor, its creditors, or any other party in interest. Upon information and belief, PSZJ does not hold or represent any interest adverse to the Debtor's estate or the committee or the creditors the Committee represents in the matters upon which is has been and is to be engaged.

11. PSZJ represents many committees in other bankruptcy cases, the members of which (together with other creditors of those cases) may be creditors of the Debtor. However, PSZJ will not represent any members of committees it represents or has represented with respect to any claims that they may have collectively or individually against the Debtor. Similarly, PSZJ may represent, or may have represented in the past, debtors, committees or trustees in adversary proceedings in actions against creditors of the Debtor, but not in this case.

## **PROFESSIONAL COMPENSATION**

12. Subject to Court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The current hourly rates charged by PSZJ for professional and paralegals employed in its offices are:

| | |
|---|---|
| Partners | $350 - $795 |
| Of-Counsel | $350 - $595 |
| Associates | $350 - $375 |
| Paralegals | $145 - $210 |

The professionals and paralegals presently designated to represent the Committee and their current hourly rates are:

| | |
|---|---|
| Malhar S. Pagay (partner) | $450.00 |
| Beth Dassa (paralegal) | $165.00 |

A statement describing the experience and qualifications of Mr. Pagay is attached to the Pagay Declaration as **Exhibit "B"**.

13. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters herein described.

14. The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. At this time, due to the current posture of this case, at this early state, it is not possible to reasonably or accurately forecast the range of PSZJ's fees.

15. It is PSZJ's policy to charge its clients in all areas of practice for certain expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telecopier/facsimile charges, photocopying charges, and mileage expenses. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients and within the guidelines of Local Bankruptcy Rule 2016-1. PSZJ believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. A summary of rates of reimbursement for expenses is attached to the Pagay Declaration as **Exhibit "C."** PSZJ did not receive a retainer with respect to its representation of the Committee. PSZJ requests that the Debtor be authorized to use cash collateral as well as the proceeds of any debtor in possession loans to pay fees and expenses, including fees and expenses of Committee counsel in an amount to be determined by the Court. PSZJ reserves the right in the future to seek a fee enhancement in this case based upon the risk of non-payment, subject to this Court's approval.

## NOTICE

16. Notice of this Application has been given to: (a) the U.S. Trustee; (ii) the Debtor's counsel; (iii) any secured creditors; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no further notice is required.

## NO PRIOR REQUEST

18. No previous application for the relief sought herein has been made to this Court or any other court.

1  **WHEREFORE,** the Applicant requests entry of an Order, pursuant to sections 328 and 1103
2  of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Committee to employ and retain
3  PSZJ as its attorneys as of the date of the Committee's appointment in this case, (September 11,
4  2007), and granting such other and further relief as is just and proper.

Dated: October __, 2007

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By /s/ Marilyn McConnell

By _____

_____ By _____

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

     **WHEREFORE,** the Applicant requests entry of an Order, pursuant to sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Committee to employ and retain PSZJ as its attorneys as of the date of the Committee's appointment in this case, (September 11, 2007), and granting such other and further relief as is just and proper.

Dated: October ___, 2007

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By _____

By  *Jessica Zhang*

By _____

7

**WHEREFORE,** the Applicant requests entry of an Order, pursuant to sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the Committee to employ and retain PSZJ as its attorneys as of October 11, 2007, and granting such other and further relief as is just and proper.

Dated: October ___, 2007

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By_____

By_____

By___[signature]___

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I, Michelle F. Evans, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067-4100.

On November 26, 2007, I caused to be served the **OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL INSOLVENCY COUNSEL** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*Please see attached Service List*

☑ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY EMAIL) I caused to be served the above-described document by email to the parties indicated on the attached service list at the indicated email address.

☐ (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.

☐ (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown. The transmission was reported as complete and without error. (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☐ (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) By sending by _____ to the addressee(s) as indicated on the attached list.

I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

Executed on November 26, 2007, at Los Angeles, California.

*Michelle F. Evans*
Michelle F. Evans

DOCS_LA:172308.1                                   2

**SERVICE LIST**
**In re Currie Technologies, Inc.**
**Case No. SV07-12609 GM**

Attorneys for Debtor and Debtor-in-Possession
Philip A. Gasteier, Esq.
Timothy J. Yoo, Esq.
Jeremy W. Faith, Esq.
Robinson, Diamant & Wolkowitz
1888 Century Plaza East, Ste. 1500
Los Angeles, CA  90067

S. Margeaux Ross, Esq.
Office of the U.S. Trustee
21051 Warner Center Lane, Ste. 114
Woodland Hills, CA  91367

Debtor and Debtor-in-Possession
c/o Larry Pizzi, CFO
Currie Technologies Inc.
9453 Owensmouth Ave.
Chatsworth, CA  92453