PHILIP A. GASTEIER (SBN 130043)
TIMOTHY J. YOO (SBN No. 155531)
LEVENE, NEALE, BENDER, RANKIN & BRILL, LLP
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Emails: pag@lnbrb.com; tjy@lnbrb.com

(Proposed) Attorneys for Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

In re

CT ADMINISTRATION INC., a Nevada corporation, formerly known as CURRIE TECHNOLOGIES INC.

Debtor and Debtor-in-Possession.

Case No. 1:07-bk-12609-GM

Chapter 11

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, RANKIN & BRILL, L.L.P., AS GENERAL BANKRUPTCY COUNSEL; DECLARATION OF PHILIP A. GASTEIER IN SUPPORT THEREOF

[No Hearing Required]

TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE:

C T Administration Inc., formerly known as Currie Technologies Inc., Debtor and Debtor in possession herein (the "Debtor" or "Applicant"), respectfully applies for authority to employ Levene, Neale, Bender, Rankin & Brill, L.L.P. ("LNBRB"), as general bankruptcy counsel for the Debtor effective as of January 1, 2010, and represents as follows:

///

///

1

I.

**MERGER OF COUNSEL AND EMPLOYMENT OF MERGED FIRM AS A RESULT**

1.  Applicant previously employed the law firm of Robinson, Diamant & Wolkowitz, A Professional Corporation ("RDW") as general bankruptcy counsel pursuant to order of this Court entered on September 18, 2007.

2.  Effective January 1, 2010, RDW merged into LNBRB and most of the shareholders, members and associates of RDW have become partners or associates of LNBRB.

3.  Like RDW, LNBRB is a firm which specializes in the practice of bankruptcy law. Like RDW, LNBRB has represented chapter 11 debtors in myriad bankruptcy cases for numerous years. Moreover, the same individuals who were responsible for the representation of Applicant at RDW will continue to be responsible for the representation of Applicant in this case.

II.

**NEED FOR LEGAL COUNSEL**

4.  When Applicant retained RDW, a need existed for the retention of general bankruptcy counsel to represent the Debtor in connection with many issues presented in the Chapter 11 case, including financing, cash collateral, sale of assets, contracts, claims, administrative matters and many other issues.

5.  Although the case is now substantially completed, Applicant requires continued representation of counsel in connection with confirmation of the pending plan of reorganization, completion of claims objections, and other issues which may arise at this stage of the Chapter 11 case.

6.  A hearing on confirmation of the plan is scheduled for February 16, 2009.

///

///

2

## III.

## PROPOSED EMPLOYMENT OF LNBRB

7. Applicant desires to employ LNBRB, whose address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, California, 90067, as general bankruptcy counsel in this case.

8. Applicant requires counsel to continue to perform the following tasks:

   a. advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor;

   b. advising the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors;

   c. representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving its estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

   d. conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBRB's expertise or which is beyond LNBRB's staffing capabilities;

   e. preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, interim statements and operating reports, status reports, objections to claims, plan and disclosure statement matters and other matters relating to the case;

   f. investigating, evaluating, and prosecuting objections to claims as may be appropriate, or assisting the Official Committee of Unsecured Creditors with the same;

   g. completing proceedings for confirmation of the plan proposed by the Debtor and the Committee, or such other plan as may be appropriate; and

   h. performing any other services which may be appropriate in LNBRB's representation of the Debtor during its bankruptcy case.

9.  LNBRB is composed of 22 attorneys who specialize in the practice of bankruptcy law, 2 of whom are chapter 7 trustees. LNBRB, with the addition of attorneys from RDW, has represented chapter 11 debtors in numerous cases over a period of approximately 40 years. As such, LNBRB is particularly well-qualified to represent Applicant in this case. All attorneys associated with LNBRB who will render services in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. Attached hereto as <u>Exhibit 1</u> and incorporated herein by reference is a true and correct copy of LNBRB's fee schedule. LNBRB's resume, which sets forth the experience and qualifications of LNBRB's attorneys and paralegals, can be found on LNBRB's website, http://www.lnbrb.com. Members and associates of LNBRB are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, and will comply with them if employed as Applicant's counsel.

10. For all the foregoing reasons, Applicant believes that LNBRB's employment is in the best interest of the Estate, as required by section 327(d) of the Bankruptcy Code as a condition of employment.

## IV.

## COMPENSATION OF LNBRB

11. LNBRB has agreed to accept as compensation for its services such sums as may be allowed by this Court in accordance with law, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

12. LNBRB will comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, promulgated by the U.S. Trustee Program and reprinted at 28 C.F.R. Part 58, Appendix A.

13. LNBRB has neither received a retainer nor a lien or interest in property of the Debtor or third parties with respect to its representation of Applicant No agreement exists for a division of fees between LNBRB and any other person or entity except as among the members of LNBRB. It should be noted that as a result of the aforementioned merger, RDW and

1  LNBRB intend, unless the Court orders to the contrary, that interim fees awarded for services rendered by RDW will be the property of LNBRB.

14. No compensation will be paid by Applicant to LNBRB except upon application to and approval by this Court after notice and a hearing pursuant to sections 330 and 331 of the Bankruptcy Code.

15. There is no agreement between Applicant and LNBRB regarding LNBRB's employment in this case other than as expressed in this Application.

## V.
## LNBRB IS DISINTERESTED AND HOLDS NO INTEREST ADVERSE TO THE ESTATE

16. To the best of Applicant's knowledge and based upon the Declaration of Philip A. Gasteier (the "Gasteier Declaration"), LNBRB and all attorneys associated with LNBRB who expect to render services in this matter are disinterested persons, do not hold or represent an interest adverse to the Estate, and do not have any connections with the Debtor, the creditors of the Estate, any other party in interest in this case, or each of their respective attorneys or accountants, the OUST, or any person employed by the OUST, except as stated in the Gasteier Declaration. As noted above, most of the shareholders, members and associates of RDW have become partners or associates of LNBRB. RDW has claims for fees and expenses incurred in its representation of Applicant in this case.

17. To the best of Applicant's knowledge and based upon the Gasteier Declaration, LNBRB:

    a. Is not and was not a creditor, an equity security holder, or an insider of the Debtor;

    b. Is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

    c. Does not have an interest materially adverse to the interests of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

5

d.  Is not a relative or employee of the OUST or a United States Bankruptcy Court judge.

## VI.

### NOTICE OF THE APPLICATION IS SUFFICIENT

18. A notice advising creditors and other interested parties of Applicant's Application to Employ Levene, Neale, Bender, Rankin & Brill, L.L.P., as general bankruptcy counsel, and summarizing the Application's contents, has been filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2).

WHEREFORE, Applicant prays that it be authorized to employ Levene, Neale, Bender, Rankin & Brill, L.L.P., as general bankruptcy counsel in this case effective as of January 1, 2010, with compensation to be paid in such amount as the Court may hereafter allow in accordance with the law.

DATED: January 8, 2010

CT ADMINISTRATION INC. fka
CURRIE TECHNOLOGIES

By: _____
Credit Managers Association of
California, Estate Representative
By: MICHAEL JONCICH

Presented by:

LEVENE, NEALE, BENDER, RANKIN
& BRILL, L.L.P.

By: _____
PHILIP A. GASTEIER
(Proposed) Attorneys for Debtor and Debtor in Possession
C T Administration Inc., fka
Currie Technologies Inc.

6

**DECLARATION OF PHILIP A. GASTEIER**

I, Philip A. Gasteier, declare as follows:

1. I am an attorney at law, duly-qualified to practice before all courts of the State of California and before the United District Court for the Central District of California. I am a partner of the law firm of Levene, Neale, Bender, Rankin & Brill, L.L.P. ("LNBRB"). I have personal knowledge of the facts stated herein, except where stated upon information and belief, and as to such statements, I believe them to be true. I make this Declaration in support of the Application of C T Administration Inc., fka Currie Technologies Inc. to employ LNBRB as general bankruptcy counsel. Unless the context indicates otherwise, capitalized terms herein shall have the meanings as defined in the Application.

2. Heretofore, applicant employed the law firm of Robinson, Diamant & Wolkowitz, A Professional Corporation ("RDW") as general bankruptcy counsel pursuant to order of this Court entered on September 18, 2007.

3. On January 1, 2010, RDW merged into LNBRB and most of the shareholders, members and associates of RDW have become partners or associates of LNBRB.

4. Just as RDW, LNBRB is a firm which specializes in the practice of bankruptcy law. Just as RDW, LNBRB has represented chapter 11 debtors in myriad bankruptcy cases for numerous years. Moreover, the same individuals who were responsible for the representation of Applicant at RDW will continue to be responsible for the representation of Applicant in this case.

5. LNBRB is composed of 22 attorneys who specialize in the practice of bankruptcy law, two of whom are chapter 7 trustees. Attorneys at LNBRB, with the inclusion of most of the attorneys of the former RDW, have represented chapter 11 debtors in numerous cases over a period of approximately 40 years. As such, LNBRB is particularly well-qualified to represent Applicant in this case. Moreover, the former RDW attorneys who represented Applicant in this case will continue to do so. All attorneys associated with LNBRB who will render services in this case are duly admitted to practice law in the courts of the State of California and in the United States District Court for the Central District of California. Attached hereto as <u>Exhibit 1</u>

is a copy of LNBRB's fee schedule. LNBRB's resume, which sets forth the experience and qualifications of its attorneys can be found on LNBRB's website, http://www.lnbrb.com which sets forth the experience and qualifications of the attorneys as well as their billing rates.

6. The partners and associates of LNBRB are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules and will comply with them if employed as Applicant's counsel, as well as the procedures set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, promulgated by the U.S. Trustee Program and reprinted at 28 C.F.R. Part 58, Appendix A.

7. Following Applicant's request that LNBRB represent it in this case as general counsel, a conflicts check was undertaken, utilizing LNBRB's client list database. I also reviewed the potential representation of Applicant with other attorneys at LNBRB to ensure that no conflict of interest exists. Based upon the conflicts check and review conducted, I believe that LNBRB and its partners and associates are "disinterested persons" as defined by section 101(14) of the Bankruptcy Code and do not hold or represent any interest adverse to the Estate.

8. The conclusion that LNBRB is "disinterested," is based upon the fact that LNBRB:

    a. Is not and was not a creditor, an equity security holder, or an insider of the Debtor;

    b. Is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

    c. Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

    d. Is not a relative or employee of the OUST or a United States Bankruptcy Court judge.

9. Likewise, to the best of my information and belief, neither LNBRB nor any of its partners or associates has any connection with the Debtor, the creditors of the Estate, any other

1 party in interest in this case, or their respective attorneys or accountants, the OUST, or any person employed by the OUST, and that LNBRB and each of its partners and associates are all disinterested persons pursuant to section 104(14) of the Bankruptcy Code. As noted above, most of the shareholders, members and associates of RDW have become partners or associates of LNBRB. RDW has claims for fees and expenses incurred in its representation of Applicant in this case.

10. LNBRB is not representing, has not represented, and does not intend to represent any related debtor in a bankruptcy case in this or any other Court.

11. There is no agreement between Applicant and LNBRB regarding LNBRB's employment in this case other than as expressed in this Application.

12. LNBRB has neither received a retainer nor advance fee. LNBRB has not received and will not receive a lien or other interest in property of the Debtor or third parties to secure payment of fees. No agreement or understanding exists for a division of fees between LNBRB and any other person or entity, except as among the partners of LNBRB. In that regard, the former RDW may be awarded fees for its services rendered in this case. It is the intention of RDW and LNBRB, unless the Court orders otherwise, that fees awarded to RDW shall be the property of LNBRB.

13. LNBRB has agreed to accept as compensation for its services such sums as may be allowed by this Court in accordance with law, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

///
///
///
///
///
///
///

9

14. No compensation will be paid by Applicant to LNBRB except upon application to and approval by this Court after notice and a hearing pursuant to sections 330 and 331 of the Bankruptcy Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on January /_, 2010 at Los Angeles, California.

_____
PHILIP A. GASTEIER

# EXHIBIT "1"

LAW OFFICES
## LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone No. (310) 229-1234
Telecopier No. (310) 229-1244

**2010 HOURLY BILLING RATES**

| ATTORNEYS | RATE |
|---|---|
| DAVID W. LEVENE | $585.00 |
| DAVID L. NEALE | 585.00 |
| RON BENDER | 585.00 |
| MARTIN J. BRILL | 585.00 |
| LAWRENCE A. DIAMANT | 585.00 |
| EDWARD M. WOLKOWITZ | 585.00 |
| TIMOTHY J. YOO | 585.00 |
| DAVID B. GOLUBCHIK | 540.00 |
| MONICA Y. KIM | 540.00 |
| BETH ANN R. YOUNG | 540.00 |
| DANIEL H. REISS | 540.00 |
| IRVING M. GROSS | 540.00 |
| PHILIP A. GASTEIER | 540.00 |
| JACQUELINE L. RODRIGUEZ | 485.00 |
| JULIET Y. OH | 485.00 |
| MICHELLE S. GRIMBERG | 485.00 |
| TODD M. ARNOLD | 485.00 |
| TODD A. FREALY | 485.00 |
| ANTHONY A. FRIEDMAN | 415.00 |

| | |
|---|---|
| CARMELA T. PAGAY | 415.00 |
| TANIA M. MOYRON | 335.00 |
| NATELLA ROYZMAN | 335.00 |
| JOHN-PATRICK M. FRITZ | 335.00 |
| KRIKOR J. MESHEFEJIAN | 335.00 |
| PARAPROFESSIONALS | 195.00 |

| In re:<br>CT ADMINISTRATION, INC., a Nevada corporation, formerly known as CURRIE TECHNOLOGIES,    Debtor | Case No. 1:07-bk-12609-GM<br>Chapter 11 |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing document described as APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, RANKIN & BRILL, L.L.P., AS GENERAL BANKRUPTCY COUNSEL; DECLARATION OF PHILIP A. GASTEIER IN SUPPORT THEREOF will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 13, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Paul S Arrow    parrow@buchalter.com, ifs_filing@buchalter.com
- Sara Chenetz    schenetz@sonnenschein.com
- Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Lawrence A Diamant    kfinn@rdwlawcorp.com
- Jeremy Faith    jfaith@goodmanfaith.com
- Philip A Gasteier    pgasteier@rdwlawcorp.com
- Daniel H Gill    ecf@ebg-law.com, dgill@ebg-law.com
- Irving M Gross    igross@rdwlawcorp.com
- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
- David S Hagen    go4broq@earthlink.net
- Steven J. Kahn    skahn@pszjlaw.com
- David W. Meadows    david@davidwmeadowslaw.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Eric Peterson    epeterson@rutterhobbs.com, rhummer@hinshawlaw.com;scox@hinshawlaw.com;cbuchanan@hinshawlaw.com;mwood@hinshawlaw.com;tlitza@hinshawlaw.com
- Benjamin Seigel    bseigel@buchalter.com, IFS_filing@buchalter.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On January __, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 13, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Served via Attorney Service**
Hon. Geraldine Mund
U.S. Bankruptcy Court
21041 Burbank Boulevard, Courtroom 303
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 13, 2010 | John Berwick | _____ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2010*                                        **F 9013-3.1**